## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| ALETA PEER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:05-1085** |
| | ) | **Judge Aleta Trauger** |
| INTEGRA SOFTWARE SYSTEMS, | ) | |
| | ) | **Jury Demand** |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES OF DEFENDANT INTEGRA SOFTWARE SYSTEMS, LLC

---

COMES NOW Defendant Integra Software Systems, LLC, by and through counsel, and files this Answer and Affirmative and Other Defenses to Plaintiff Aleta Peer's Complaint as follows:

1.      Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments stated in paragraph 1 of the Complaint and therefore denies same.

2.      Defendant admits that its registered agent for service of process is Integra Software Systems, LLC, 117 Seabord Lane, Suite F-290, Franklin, Tennessee, 37067. Defendant denies the remaining averments contained in paragraph 2 of the Complaint, and avers that it is a limited liability company.

3.      Defendant admits that this Court has jurisdiction of an action brought under the Age Discrimination in Employment Act pursuant to 28 U.S.C. § 1331 and otherwise denies the averments stated in paragraph 3 of Plaintiff's Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which an answer is not required. To the extent that an answer is necessary, Defendant admits that venue is proper in this

1

Court, but otherwise denies the averments contained in paragraph 4 of the Complaint.

5.       Defendant admits that Plaintiff was employed by Defendant until she was terminated, but denies the remaining averments contained in paragraph 5 of the Complaint.

6.       Defendant denies the averments contained in paragraph 6 of the Complaint.

7.       Defendant denies the averments contained in paragraph 7 of the Complaint.

8.       Defendant denies the averments contained in paragraph 8 of the Complaint.

9.       Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments stated in paragraph 9 of the Complaint and therefore denies same.

10.       Defendant denies the averments contained in paragraph 10 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief prayed for in the section of the Complaint beginning with "WHEREFORE, premises considered, Plaintiff prays as follows," including paragraphs 1 through 5, except that Defendant admits Plaintiff is entitled to demand trial by jury as stated in paragraph 4.

## AFFIRMATIVE AND OTHER DEFENSES

As affirmative and other defenses to the averments contained in the Complaint, Defendant states as follows:

### First Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### Third Defense

Plaintiff failed to comply timely with all conditions precedent.

2

## Fourth Defense

Plaintiff is estopped by her own acts, conduct, or omissions from asserting some or all of the claims asserted in the Complaint.

## Fifth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Seventh Defense

Any damages alleged by Plaintiff were caused by acts or events other than those of Defendant.

## Eighth Defense

Plaintiff's employment ended for reasons other than those alleged or implied in Plaintiff's Complaint.

## Ninth Defense

Defendant denies that it took any discriminatory action with respect to Plaintiff; rather, any action taken with regard to Plaintiff was done in good faith and was based on legitimate, non-discriminatory business reasons.

## Tenth Defense

If Plaintiff has sustained any damages alleged in this action, which is denied, such damage was caused and brought about, in whole or in part, by reason of the negligence, carelessness, and/or wrongdoing by some person, persons or entities other than Defendant.

## Eleventh Defense

Plaintiff has failed to set forth sufficient grounds to obtain the requested relief of compensatory damages, punitive damages, and attorney's fees and costs.

3

## Twelfth Defense

Plaintiff's claims may be barred in whole, or in part, by the doctrine of after-acquired evidence.

## Thirteenth Defense

Plaintiff has failed to take reasonable steps to mitigate any alleged damages and may not recover any damages she could have avoided.

## Fourteenth Defense

Any state or federal employment discrimination or retaliation claims Plaintiff asserts that she has not presented in a timely charge against Defendant filed with an appropriate administrative agency as required by law are barred.

## Fifteenth Defense

The Complaint does not describe all of the claims asserted against Defendant with sufficient particularity to enable Defendant to determine all of the defenses available to Defendant in response to this action. Defendant reserves the right to assert all defenses which may be applicable to this action until such time as the precise nature of the various claims is ascertained and all facts are discovered.

WHEREFORE, having fully answered, Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and prays that the Court:

A. dismiss the Complaint in its entirety, with prejudice;

B. award Defendant the costs, disbursements, and reasonable attorneys' fees necessitated by this action

C. award Defendant such other relief as the Court shall deem just and proper; and

D. empanel a jury to hear this case.

4

DATED:  February 10, 2006                    Respectfully submitted,


                                             _____/s/ Richard S. Busch_____
                                             Richard S. Busch
                                             KING & BALLOW
                                             1100 Union Street Plaza
                                             315 Union Street
                                             Nashville, Tennessee 37201
                                             (615) 259-3456

                                             Attorneys for Plaintiff
                                             Integra Software, LLC.

# CERTIFICATE OF SERVICE

I certify that on this 10th day of February 2006, a copy of the preceding was served by U.S. mail, certified, postage-prepaid to:

James L. Harris, Esq.
2400 Crestmoor Road
Nashville, TN 37215
Phone:(615) 386-7143
Fax:(615) 386-7043


_____/s/ Angel McKee_____